IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| C.N.S., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:19-cv-00384-MTT-CHW |
| | : | |
| COMMISSIONER OF | : | Social Security Appeal |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's motion for attorney's fees filed pursuant to the Social Security Act, 42 U.S.C. § 406(b). (Docs. 17, 21).[1] The Commissioner responded and took no position on the motion. (Doc. 19). As explained below, it is **RECOMMENDED** that the motion be **GRANTED** and that Plaintiff be awarded $4,740.00 in attorney's fees.

On June 10, 2020, the Court remanded Plaintiff's case back to the Commissioner. (Docs. 15, 16). Plaintiff did not seek fees under the Equal Access to Justic Act (EAJA), 28 U.S.C. § 2412(d). Following remand, Plaintiff's claim was granted, and he received past due benefits. *See* (Doc. 17-1). The agency withheld 25%, or $35,399.00, from her past due benefits for her representative's work and other legal expenses. (*Id*., p. 3). Of that amount, $29,789.75 was withheld for legal fees for counsel's work before this Court. (*Id*.) Plaintiff now seeks $4,740.00 in attorney's fees under 42 U.S.C. § 406(b)(1). (Doc. 17). The motion request fees for 23.7 hours of work, which accounts for an hourly fee of $200. (Docs. 17; 21-1).

---

[1] Pursuant to court order (Doc. 20), Plaintiff supplemented his motion to file an attachment that was inadvertently omitted. (Doc. 21). The second filing is not a separate, distinct motion for attorney's fees.

Under 42 U.S.C. § 406(b), an award of attorney's fee is authorized "where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d, 1273, 1277 (11th Cir. 2006). The statute provides that the district court may award a reasonable contingency fee for successful representation of a claimant in a Social Security appeal, provided that the amount does not exceed 25% of the total past due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1). When deciding Plaintiff's request for a § 406(b) fee award, the Court must "determine 'whether the fee sought is reasonable for the services rendered.'" *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002)). Here, it appears that the time expended and the fee amount requested are reasonable. The fee award requested by counsel falls within the 25% limit under § 406(b), and the materials attached to the motion show the time expended by counsel and support the expertise likely required to obtain the benefits received by Plaintiff. The Commissioner did not object or otherwise oppose the motion. In light of these factors, the fees sought are reasonable.

It is **RECOMMENDED** that Plaintiff's motion for attorney's fees (Docs. 17, 21) be **GRANTED** and that Plaintiff's attorney be awarded $4,740.00 from Plaintiff's past due benefits in attorney's fee pursuant to 42 U.S.C. § 406(b).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the recommendations herein with the presiding District Judge **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20)**

**PAGES.** *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 11th day of October, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge